738

## Pypiak v. Bobersky

*David Dickson,* for plaintiff.

*Robert E. Bull,* for defendant.

KREISHER, P. J., March 12, 1971.—The above-captioned trespass action was instituted before a Berwick magistrate by the filing of a complaint, a copy of which, together with a notice of hearing fixing July 23rd as the date thereof, was served upon a member of defendant's household.

On July 23rd, defendant failed to appear for said hearing, and the magistrate, after hearing plaintiff's side of the case, entered judgment in plaintiff's favor and mailed to defendant a written notice thereof in accordance with the justice of the peace rule no. 324. Thereafter, defendant delivered said notice to the insurance agent and after some lapse of time, counsel was secured who later filed an appeal on behalf of defendant on August 20, 1970.

The Minor Judiciary Court Appeals Act of 1968, effective January 1, 1969, 42 PS §3001, provides under section 5(a) that a party adversely affected by any decision of the issuing authority has the right to appeal to the court of common pleas of the county, and subsection (b) provides that the appeal shall be taken within 20 days of the said action by the issuing authority.

Counsel for plaintiff filed a motion to quash the appeal for being filed too late, and the matter is now before the court for disposition. Defense counsel contends the appeal should be allowed nunc pro tunc because defendant didn't realize it was necessary to attend the hearing, that defendant has a meritorious defense and should be granted a day in court. He also argues that he, as counsel, acted promptly when he received the case and the six days over the 20-day limit should not be considered harmful delay. He, however, alleges no fraud or its equivalent for the delay except to argue that defendant did not in all probability receive the said notice until at least a day or two after July 23rd, the date judgment was entered.

A case dealing with almost identical facts was presented to our good friend and Catawissa native, Judge Ervin, of Delaware County, in 1944 before he was elevated to the Superior Court where he served with distinction until his recent retirement: Siragusa v. Shapero, 31 Delaware Co. Rep. 395.

Judge Ervin's protracted opinion quashing the untimely appeal has cited many authorities for his conclusions. Our research reveals the law on the subject has remained unchanged, and in the comparatively recent case of Vulcan Nationwide Waterproofing Company v. Miller et ux., 87 Montg. 238, the opinion of the court quotes with approval the well-established general rules as follows:

"Secondly, in order to justify the setting aside of a judgment entered by a justice of the peace, there must be something more than mere hardship or lack of diligence—there must be fraud or its equivalent. . . .

"Finally, we are dealing with a statute which prescribes the time for perfecting an appeal, i.e., 20 days. 'Where an act of assembly fixes the time within

which an act must be done, as for example, an appeal taken, courts have no power to extend it, or to allow the act to be done at a later day, as an act of indulgence. Something more than mere hardship is necessary to justify an extension of time, or its equivalent, an allowance of the act nunc pro tunc. The court "can no more enlarge the time than he can legislate in any other matter." ' Higgins vs. The Educators, 147 Pa. Superior Ct., 400."

Applying the foregoing rules to the undisputed facts in the case at bar, we are bound to conclude that the appeal was not perfected in time, and therefore, we enter the following:

### ORDER OF COURT

And now, to wit, March 12, 1971, it is ordered and decreed that the appeal filed in the above-captioned action be and the same is hereby quashed. Costs to be paid by defendant. Exception noted.